NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDIA COREAS FLORES, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 22-1164 Agency No. A208-674-794 MEMORANDUM* |
| CLAUDIA COREAS FLORES, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 24-6725 Agency No. A208-674-794 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2026**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John Charles Hinderaker, United States District Judge for the District of Arizona, sitting by designation.

Seattle, Washington

Before: W. FLETCHER and M. SMITH, Circuit Judges, and HINDERAKER, District Judge.[***]

Claudia Priscila Coreas Flores petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing her appeal after an Immigration Judge ("IJ") denied her application for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review due process challenges de novo. *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021). We review the BIA's legal conclusions de novo and factual findings for substantial evidence. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under the substantial evidence standard, the BIA's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Coreas Flores has not established a due process violation. The BIA's denial of her motion to permit telephonic testimony from a woman named Blanca did not result in prejudice because the IJ admitted a nearly seven-page letter from Blanca, along with a written translation of the letter, into evidence. *See Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (citation omitted) (stating that a due process challenge requires a noncitizen to establish prejudice). Further, even assuming the

IJ "expressed skepticism" about the relevance of Coreas Flores's testimony, "the record as a whole" does not support her claim that the IJ curtailed her testimony about Blanca. *See Almaghzar v. Gonzalez*, 457 F.3d 915, 922 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of asylum and withholding of removal. "To be eligible for asylum, the applicant must show that '(1) [her] treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control.'" *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)).

The record does not compel the conclusion that the Salvadoran government would be unwilling or unable to protect Coreas Flores. Although Coreas Flores faced harassment and stalking by a man named Beto, she did not report his conduct to authorities. Further, the record shows that the police arrested Beto when he was reported by Blanca in 2010. Although Beto was released after one day in custody, it is unclear from the record why he was released, and Blanca did not report him again. Finally, though the country conditions evidence shows problems with investigation and prosecution of violence against women, the evidence also shows some improvements in El Salvador's treatment of women, including a 2012 law criminalizing violence against women. "[T]he evidence here falls short of

3

compelling the conclusion that [Salvadoran] authorities would [be] unable or unwilling to help [Coreas Flores]." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020). Because Coreas Flores has not demonstrated her eligibility for asylum, she necessarily fails to satisfy the more demanding standard for withholding of removal. *Davila*, 968 F.3d at 1142.

For similar reasons, substantial evidence supports the BIA's denial of CAT protection. The record does not compel the conclusion that a public official would acquiesce in any future torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022).

**PETITION DENIED.**